Booth, Judge,
delivered the opinion of the court:
This tax case arises under sections 900 and 903 of Title IX of the revenue act of 1918, 40 Stat. 1057,1122, as follows ;
TITLE IX-EXCISE TAXES
• “ Sec. 900. That there shall be levied, assessed, collected, and paid upon the following article sold or leased by the manufacturer, producer, or importer, a tax equivalent to the following percentages of the price for which so sold or leased—
# ífc sfc
“(14) Thermos and thermostatic bottles, carafes, jugs, or other thermostatic containers, five per centum. * * *
“ Sec. 903. That every person liable for any tax imposed by section 900, 902, or 906 shall make monthly returns under oath in duplicate and pay the taxes imposed by such sections to the collector for the district in which is located the principal place of business. Such returns shall contain such information and be made at such times and in such manner as the commissioner, with the approval of the Secretary, may by regulations prescribe.
“ The tax shall, without assessment by the commissioner or notice from the collector, be due and payable to the collector *440 at the time so fixed for filing the return. If the tax is not paid when due, there shall be added as part of the tax a penalty of five per centum, together with interest at the rate of one per centum for each full month, from the time when the tax became due.”
The plaintiff manufactures and markets what it styles an “Aladdin Thermalware Jar.” The vessel is composed of an “ inner container, having a single wall surrounded by material resistant to heat conductivity (usually ground cork) and the whole is encased in a metal jacket, both containers being-joined and sealed at the neck.” It is apparently conceded that the only difference between the plaintiff’s jar and the well-known thermos bottle is that in the latter thermostatic retention is obtained by the vacuum principle, whereas in plaintiff’s jar thermostatic retention is obtained upon a non-yacuum principle. Both vessels are designed for the same purpose and both function in the same way. One may afford more and longer preservation of the contents than the other, but beyond question each is intended for the same demand and finds sale among exactly the same class of users.
Plaintiff seeks to restrict the language of the taxing act to a particular article described by a trade-mark term. We think this position is untenable. Congress was applying to this source of revenue a tax burden, a tax known as a luxury tax, and in so doing was using the well-established meaning and notoriously known article of commerce which, by reason of its peculiar construction, would maintain thermostatic retention of the contents put into the article.
We deem it unnecessary to indulge a technical discussion of the differences in construction between thermostatic containers. Congress was using the term in a generic sense and did not intend to exempt a mere change in form which served the same purpose.
The plaintiff’s jar falls within the meaning and intent of the law, and we think the petition should be dismissed. It is so ordered.
Moss, Judgey GRAham, Judge; and Campbell, Chief Justice, poncur.
GREEN, Judge, took no part in the decision of this case.